# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| **JUSTIN LEE**, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>**SOUTH WESTERN COMMUNICATIONS, INC.**,<br><br>  Defendant. | No. 3:24-cv-00157-RLY-CSW |

## PRELIMINARY APPROVAL ORDER

Plaintiff and Defendant, by their respective counsel, have submitted a Class Action Settlement Agreement (the "Settlement") and Plaintiff has moved under Federal Rule of Civil Procedure 23(e) for an order (1) certifying a Settlement Class for purposes of the Settlement; (2) granting preliminary approval to the Settlement; (3) approving and directing notice of the proposed Settlement to the Settlement Class; (4) establishing deadlines for Settlement Class members to object to or exclude themselves from the Settlement; and (5) scheduling a final approval hearing. The Court has given due consideration to the terms of the Settlement, the submissions in support of preliminary approval of the Settlement, and the record of proceedings, and now finds that the proposed Settlement should be preliminarily approved pending notice to the Settlement Class members and a final hearing on whether the Settlement is a fair, reasonable, and adequate compromise.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiff and Defendant in the above-captioned case (the "Parties").

3. The Court finds that for purposes of entry of judgment the Court will likely be able to certify the proposed Settlement Class, defined as:

> All individuals who received notice from South Western that their information may have been compromised as a result of the December 2023 Data Breach on South Western.

Excluded from the Settlement Class are: (1) the judges presiding over the Actions, members of their staff, and members of their direct families; (2) Defendant and any other Releasee; (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

   a. The Settlement Class is so numerous that joinder of all members is impracticable, as there are thousands of Settlement Class Members;

   b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit, as the claims all relate to the Data Breach that involved the data of Settlement Class Members;

   c. The Plaintiffs' claims are typical of the claims of the Settlement Class as all of the claims arise from the same Data Breach and Defendant's alleged security practices;

   d. The Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Plaintiff has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation;

   e. Questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Breach are substantially similar for all Settlement Class members.

5. The Court finds that Plaintiff are adequate Class Representatives. The Court likewise finds that Lynn A. Toops and Amina A. Thomas of CohenMalad, LLP and Samuel J. Strauss and Raina C. Borrelli of Turke & Strauss LLP are competent to act as Class Counsel and appoints them as Class Counsel.

6. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate settlement between the Settlement Class and Defendant under the circumstances of this case and that the Court will likely be able to grant final approval to the Settlement. Specifically, the Court finds for purposes of preliminary approval that:

    (A) the Plaintiff and Class Counsel have adequately represented the Settlement Class;

    (B) the Settlement was negotiated at arm's length, through mediation facilitated by Mediator Hon. Heather Welch (Ret.).

    (C) the relief provided for the Settlement Class appears adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;
        (iii) the terms of the proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

    (D) the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

7. The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement to perform and satisfy the terms and conditions of the Settlement that are triggered by such preliminary approval.

8. The Court likewise approves the form and method of notice provided for in the Agreement and finds that it complies with the applicable Federal Rules of Civil Procedure and the

requirements of Due Process. Specifically, the Court finds that the form and method of notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all members of the Settlement Class and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c).

9. The Court appoints Simpluris, Inc., as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

10. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at **2:00 p.m. (Central time),** on **DECEMBER 9, 2025**, **in room 301 of the Federal Building, 101 NW Martin Luther King, Jr., Blvd., Evansville, Indiana 47708**, for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Agreement; (b) determining whether the Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing without further notice to the Settlement Class.

11. Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Settlement Class. A request for exclusion from the Settlement Class must: (i)

4

state that the Settlement Class Member wishes to "opt-out" or request "exclusion" from the Settlement Class; (ii) contain the full name, current address, and telephone number of the person requesting exclusion; (iii) contain the title of the Lawsuit: "*Lee v. South Western Communications, Inc.*" (iv) be signed by the person requesting exclusion; and (v) be sent to the Settlement Administrator by U.S. mail with a postmark on or before 30 days after notice is first sent. Members of the Class who submit a timely and valid request for exclusion from the Settlement Class shall not participate in and shall not be bound by the Settlement. Members of the Settlement Class who do not timely and validly opt out of the Settlement Class in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

12. Settlement Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement. Any objection must: (i) contain the full name and current address of the person objecting; (ii) contain the title of the Lawsuit: "*Lee v. South Western Communications, Inc.*" with the case number (iii) state the reasons for the Settlement Class Member's objection; (iv) be accompanied by any evidence, briefs, motions, or other materials the Settlement Class member intends to offer in support of the objection; (v) be signed by the Settlement Class Member; and (vi) be sent by U.S. mail, first class and postage prepaid, to the Settlement Administrator, with a postmark no later than 30 days after the notice is first sent. If the Settlement Class Member or his or her Counsel wishes to speak at the Final Approval Hearing, he or she must file with the Court and serve on Class Counsel and Counsel for the Defendant a Notice of Intention to Appear no later than fifteen (15) days before the Final Approval Hearing.

13. Any Member of the Settlement Class who does not make his or her objection known in the manner provided in the Settlement and notice shall be deemed to have waived such objection

and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement.

14. Any request for intervention in this action for purposes of commenting on or objecting to the Settlement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention, and must meet the requirements of the Federal Rules of Civil Procedure.

15. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Settlement Class Member, must be duly admitted to practice law before the Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant.

16. If the Settlement does not become effective or is rescinded pursuant to the Settlement terms, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Plaintiff and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

17. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Date: 8/26/2025

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution to: All counsel of record via ECF.