UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-00157-RLY-CSW |
| | ) | |
| SOUTH WESTERN COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# FINAL APPROVAL ORDER

Justin Lee ("Plaintiff" or "Class Representative") and South Western Communications, Inc. ("Defendant" or "South Western") have entered into a proposed Class Action Settlement Agreement (the "Agreement"). The court previously granted preliminary approval to the Agreement, notice was issued to the Settlement Class, and the deadlines to opt out or object to the Agreement have now passed. Plaintiff has moved the Court to grant final approval to the Agreement under Federal Rule of Civil Procedure 23(e). Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

(1) Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

(2) This court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiff and Defendant in the above-captioned case (the "Parties").

(3) The court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment.

1

>All individuals who received notice from South Western that their information may have been compromised as a result of the December 2023 Data Breach at South Western.

Excluded from the Settlement Class are those persons who submitted timely and valid requests to be excluded.

(4) Specifically, the court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

  a. The class is so numerous that joinder of all members is impracticable, as there are thousands of Class Members.

  b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members, such as whether Defendants breached any duty in failing to protect Class Members' data from unauthorized access.

  c. The claims of the Class Representative are typical of the claims of the Settlement Class as they arise from the Data Incident.

  d. The Class Representative and Class Counsel fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to the Settlement Class and Class Counsel are experienced in complex class action litigation.

  e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit, as the same issues relating to duty and breach in relation to the Data Incident are substantially the same for all Class Members.

(5) The court therefore certifies the Settlement Class, appoints Plaintiff as the Class Representative, and appoints Lynn A. Toops and Amina A. Thomas of CohenMalad, LLP and Samuel J. Strauss and Raina C. Borrelli of Strauss & Borrelli LLP as Class Counsel.

(6) The court finds that notice of the proposed Agreement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

(7) The court finds that the terms of the Agreement represent a fair and reasonable compromise under the circumstances of this case. Specifically, the court finds that:

    a. the Plaintiff and Class Counsel have adequately represented the Settlement Class;

    b. the Settlement was negotiated at arm's length, through mediation facilitated by Mediator Hon. Heather Welch (Ret.);

    c. the relief provided for the Settlement Class is fair and reasonable, taking into account:

        i. the costs, risks, and delay of trial and appeal;

        ii. the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

        iii. the terms of the proposed award of attorneys' fees, including timing of payment; and

        iv. any agreement required to be identified under Rule 23(e)(3) (the Parties have identified none); and

    d. the Settlement treats Settlement Class Members equitably relative to each other, as the same relief is available to similarly situated Settlement Class Members.

(8) The court therefore grants final approval of the Agreement and directs the Parties to the Agreement to perform and satisfy the terms and conditions that are triggered by such final approval. Specifically, the court approves the plan for payment of the Settlement Fund.

(9) Upon occurrence of the Effective Date, the Class Representative and the Class Members, and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants,

financial and other advisors, and any other representatives of any of these persons and entities ("Releasing Parties"), release and forever discharge the Defendant, South Western Communications, Inc. and all of its respective past, present, and future employees, officers, directors, affiliates, shareholders (the "Releasees") from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the Data Incident, including the claims asserted or which could have been asserted in the Litigation ("Released Claims").

(10) Upon the Effective Date: (a) the Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties; and (b) the Releasing Parties shall be permanently barred and enjoined from initiating, asserting, or prosecuting any Released Claims against the Releasees, whether on behalf of the Class Representative, any Class Member, or others, in any jurisdiction.

(11) This order is a final judgment because it disposes of all claims against all Parties to this lawsuit.

**IT IS SO ORDERED** this 10th day of December 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: ___Jina M. Doyle___
Deputy Clerk, U.S. District Court

Distributed Electronically to Registered Counsel of Record.